**SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF Information associated with the Google Account BIGDAWGSTAR1@GMAIL.COM that is stored at premises controlled by Google LLC | Case No. 3:23-mj-00034<br><br>Filed Under Seal |

FILED JUL 25 2023 RORY L. PERRY II, CLERK U.S. District Court Southern District of West Virginia

**APPLICATION FOR ORDER COMMANDING GOOGLE LLC**
**NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF WARRANT**

The United States requests that the Court order Google LLC (hereinafter "Google") not to notify any person (including the subscribers and customers of the account(s) listed in the warrant issued in case number 3:23-mj-00034 (hereinafter "the warrant") of the existence of the warrant until further order of the Court.

Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the warrant, which requires Google to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the warrant relates to an ongoing criminal investigation that is not fully known to all of the targets of the investigation and the public, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. See 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their electronic devices.

WHEREFORE, the United States respectfully requests that the Court grant the Order directing Google not to disclose the existence or content of the warrant, except that Google may disclose the warrant to an attorney for Google for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is not fully known to all of the targets of the investigation and the public. Accordingly,

there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted this 25th day of July, 2023.

        Respectfully submitted,

        WILLIAM S. THOMPSON
        United States Attorney

        s/Courtney L. Finney
        COURTNEY L. Finney
        Assistant United States Attorney
        WV State Bar No. 13386
        845 Fifth Avenue
        Room 209
        Huntington, WV 25701
        Telephone: 304-529-5799
        Fax: 304-529-5545
        E-mail: courtney.finney@usdoj.gov